UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

| | |
|---|---|
| SHARON A. WHEATON, and MICHAEL P. WHEATON, in their Capacity as Personal Representatives of the Estate of TYLER N. WHEATON,<br><br>　　　　Plaintiffs,<br><br>v.<br><br>T. Y. LIN INTERNATIONAL,<br><br>　　　　Defendant. | Docket No. 1:24-cv-00050-NT |

**DEFENDANT T. Y. LIN INTERNATIONAL'S ANSWER TO PLAINTIFFS' COMPLAINT AND DEMAND FOR JURY TRIAL**

NOW COMES Defendant T. Y. Lin International ("TYLI"), by and through its undersigned counsel, Thompson Bowie & Hatch LLC, and hereby answers Plaintiffs' Complaint, as follows:

**PARTIES[1]**

1. TYLI has insufficient information with which to form a belief as to the truth of the allegations contained in this paragraph of Plaintiffs' Complaint and, therefore, deny same.

2. TYLI has insufficient information with which to form a belief as to the truth of the allegations contained in this paragraph of Plaintiffs' Complaint and, therefore, deny same.

3. TYLI admits the allegations contained in this paragraph of Plaintiffs' Complaint.

4. TYLI admits the allegations contained in this paragraph of Plaintiffs' Complaint.

---

[1] TYLI has repeated the headings used by Plaintiffs solely for ease of reference but do not admit any fact alleged or implied by those headings. If the section headings are intended to serve as allegations of fact, any such allegations are denied.

1

**JURISDICTION AND VENUE**

5. This paragraph of Plaintiffs' Complaint states a legal conclusion and, therefore, requires no response. To the extent the allegations in this paragraph of the Plaintiffs' Complaint are considered to include allegations of fact, they are denied.

6. This paragraph of Plaintiffs' Complaint states a legal conclusion and, therefore, requires no response. To the extent the allegations in this paragraph of the Plaintiffs' Complaint are considered to include allegations of fact, they are denied.

**FACTUAL BACKGROUND**

7. TYLI has insufficient information with which to form a belief as to the truth of the allegations contained in this paragraph of Plaintiffs' Complaint and, therefore, deny same.

8. TYLI has insufficient information with which to form a belief as to the truth of the allegations contained in this paragraph of Plaintiffs' Complaint and, therefore, deny same.

9. TYLI has insufficient information with which to form a belief as to the truth of the allegations contained in this paragraph of Plaintiffs' Complaint and, therefore, deny same.

10. TYLI has insufficient information with which to form a belief as to the truth of the allegations contained in this paragraph of Plaintiffs' Complaint and, therefore, deny same.

11. TYLI has insufficient information with which to form a belief as to the truth of the allegations contained in this paragraph of Plaintiffs' Complaint and, therefore, deny same.

12. TYLI has insufficient information with which to form a belief as to the truth of the allegations contained in this paragraph of Plaintiffs' Complaint and, therefore, deny same.

13. TYLI has insufficient information with which to form a belief as to the truth of the allegations contained in this paragraph of Plaintiffs' Complaint and, therefore, deny same.

14. TYLI has insufficient information with which to form a belief as to the truth of the allegations contained in this paragraph of Plaintiffs' Complaint and, therefore, deny same.

15. TYLI admits that it was involved in the design and engineering of a public works project for the Maine Department of Transportation on Route 1A in Hampden, Maine pursuant to a contract with the Maine Department of Transportation. TYLI otherwise has insufficient information with which to form a belief as to the truth of the allegations contained in this paragraph of Plaintiffs' Complaint and, therefore, deny same.

## NEGLIGENCE OF T. Y. LIN INTERNATIONAL

16. TYLI denies the allegations contained in this paragraph of Plaintiffs' Complaint.

17. TYLI denies the allegations contained in this paragraph of Plaintiffs' Complaint.

18. TYLI denies the allegations contained in this paragraph of Plaintiffs' Complaint.

19. TYLI denies the allegations contained in this paragraph of Plaintiffs' Complaint.

20. TYLI denies the allegations contained in this paragraph of Plaintiffs' Complaint.

21. TYLI denies the allegations contained in this paragraph of Plaintiffs' Complaint.

22. TYLI denies the allegations contained in this paragraph of Plaintiffs' Complaint.

23. TYLI denies the allegations contained in this paragraph of Plaintiffs' Complaint.

24. TYLI denies the allegations contained in this paragraph of Plaintiffs' Complaint.

25. TYLI denies the allegations contained in this paragraph of Plaintiffs' Complaint.

WHEREFORE, TYLI respectfully requests that the Court grant judgment in its favor and against Plaintiffs, and further requests that the Court award its costs, expenses, attorney's fees, and for such other relief the Court deems just and appropriate.

## AFFIRMATIVE DEFENSES

1. Plaintiffs' Complaint fails to state a claim upon which relief can be granted.

2. Plaintiffs' Complaint is barred by the rule against claim splitting.

3. Plaintiffs' Complaint is barred by the statute of limitations.

4. If the Plaintiffs recover from TYLI, TYLI is entitled to contribution, set-off, credit, and/or indemnification, either in whole or in part, from all persons or entities whose negligence or fault proximately caused or contributed to cause the Plaintiffs' alleged damages.

5. Plaintiffs' damages, if any, are barred by the rule against double recovery.

6. Plaintiffs' Complaint is barred by the doctrine of res judicata, claim preclusion, collateral estoppel, and/or issue preclusion.

7. Plaintiffs' Complaint is barred by judicial estoppel and/or estoppel.

8. If the Plaintiffs were injured as alleged, then said damages resulted from the negligent acts and/or omissions of their own comparative negligence/contributory negligence. Accordingly, any recovery by Plaintiffs is either barred or subject to reduction to the extent Plaintiffs were negligent. 14 M.R.S. § 156.

9. The incident that is the subject matter of Plaintiffs' Complaint and any and all damages allegedly sustained were caused by the independent, intervening and superseding negligent, careless, and intentional acts or omissions of a party or parties other than TYLI.

10. TYLI owed no duty and breached no duty to Plaintiffs, and affirmatively deny that it was negligent in any manner relative to the events alleged in Plaintiffs' Complaint.

11. Plaintiffs' claims are barred by assumption of risk.

12. Plaintiffs' claim fails due to lack of standing and their failure to join necessary/indispensable parties.

13. Plaintiffs failed to mitigate their alleged damages, if any.

14. Plaintiffs' claims are barred in whole or in part because the damages and/or injuries to which Plaintiffs complain, if any, were caused by third parties or instrumentalities over which TYLI had no control, right of control, and for whose action TYLI cannot be held liable.

15. TYLI is entitled to an allocation of fault as permitted by Maine law for any damages awarded.

16. TYLI complied with all industry standards and applicable Maine law.

17. Plaintiffs' Complaint is barred by the doctrines of estoppel, illegality, laches, release, unclean hands, avoidability, and/or waiver.

18. Plaintiffs' damages, if any, are related to other causes separate and apart from TYLI's conduct.

19. Plaintiffs, by their own conduct and actions and/or the conduct and actions of their agents and servants and/or the Plaintiffs' decedent, are estopped from recovering any judgment against TYLI.

20. TYLI reserves the right assert any and all other affirmative defenses which discovery hereafter may reveal.

Dated at Portland, Maine this 19th day of February 2024.

/s/ Benjamin J. Wahrer
Benjamin J. Wahrer, Bar No. 5628
**THOMPSON BOWIE & HATCH LLC**
415 Congress Street, 5th Floor
P.O. Box 4630
Portland, ME 04112-4630
(207) 774-2500
bwahrer@thompsonbowie.com

**CERTIFICATE OF SERVICE**

  I, Benjamin J. Wahrer, hereby certify that on February 19, 2024, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system which will send notification of such filings(s) to all parties of record.

                */s/ Benjamin J. Wahrer*
                Benjamin J. Wahrer, Esq.
                Attorney for Defendant

**THOMPSON BOWIE & HATCH LLC**
415 Congress Street, Fifth Floor
P.O. Box 4630
Portland, Maine 04112-4630
207-774-2500
bwahrer@thompsonbowie.com