UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| SHARON A. WHEATON and MICHAEL P. WHEATON, in their capacity as Personal Representatives of the Estate of TYLER N. WHEATON, | )<br>)<br>)<br>)<br>)<br>) |
| Plaintiffs | )  No. 1:24-cv-00050-SDN |
| v. | )<br>)<br>) |
| T.Y. LIN INTERNATIONAL, | )<br>) |
| Defendant | ) |

**ORDER ON THE PARTIES' JOINT MOTION FOR THE PRODUCTION OF SETTLEMENT AGREEMENTS IN A RELATED MATTER**

Before me is the parties' joint motion for the entry of an order requiring the Plaintiffs Sharon A. Wheaton and Michael P. Wheaton, in their capacity as Personal Representatives of the Estate of Tyler N. Wheaton, to produce five settlement agreements from a prior related action. *See* Joint Motion for Production of Settlement Agreements (ECF No. 27) at 1. For the reasons below, the parties' motion is granted.

The present case arises from a motor vehicle accident that occurred in Hampden, Maine, on November 18, 2021, and resulted in the death of Tyler N. Wheaton. *See* Complaint (ECF No. 1-1) at 1-2. The Plaintiffs allege that Tyler's death was wrongfully caused by a guardrail negligently designed and engineered by the Defendant T.Y. Lin International. *Id.* at 3-4.

Before filing this action, however, the Plaintiffs brought suit in state court to raise claims related to Tyler's death against several other defendants

1

(the "Prior Action"). *See* Joint Motion for Production of Settlement Agreements at 1. The Prior Action was dismissed with prejudice in June 2024 after the parties settled their claims through agreements which, in relevant part, preclude the Plaintiffs from collecting against remaining parties the portion of damages attributable to those released defendants' share of responsibility. *Id.* at 2; *see also* 14 M.R.S. § 156.

The parties agree that the Defendant needs access to the settlement agreements from the Prior Action to exercise its rights under 14 M.R.S. §§ 156, 163 but maintain that the Plaintiffs cannot produce those agreements absent a court order because they all contain confidentiality provisions prohibiting their disclosure. *See* Joint Motion for Production of Settlement Agreements at 2. Consequently, the parties request that I order the Plaintiffs to produce to the Defendant all five settlement agreements, marked CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER in keeping with the confidentiality order (ECF No. 26) entered in this case.

Following *in camera* review of the settlement agreements, *see* Order Reserving Ruling (ECF No. 28), it appears that only four out of the five agreements contain confidentiality provisions prohibiting the disclosure of their terms, but every agreement contains the personal information of non-parties to this action that warrants protection. Balancing the Defendant's needs against the confidentiality interests of those non-parties, I conclude that marking the settlement agreements as subject to the confidentiality order is a sufficiently protective solution.

Accordingly, I hereby **GRANT** the parties' joint motion and **ORDER** the Plaintiffs to produce to the Defendant, by November 11, 2024, all five relevant

settlement agreements, marked "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" in accordance with the confidentiality order entered in this case.

## *NOTICE*

*In accordance with Federal Rule of Civil Procedure 72(a), a party may serve and file an objection to this order within fourteen (14) days after being served with a copy thereof.*

*Failure to file a timely objection shall constitute a waiver of the right to review by the District Court and to any further appeal of this order.*

Dated: November 4, 2024

/s/ Karen Frink Wolf
United States Magistrate Judge
